### CHANGE OF CAUSE OF ACTION ON APPEAL.

Circuit Court of Stark County.

The Alliance Monumental Company v. S. Ellen Wells, Administrator of the Estate of S. Peter Wells, Deceased.

Decided, February 21, 1910.

*Jurisdiction on Appeal from Justice—Different Cause of Action—Stated in Petition—Petition Stricken from Files.*

Plaintiff sued before a justice of the peace for the agreed price of a monument sold and delivered to the defendant at her request; on appeal he filed a petition setting forth a contract between the parties for the monument, alleging that the defendant repudiated the contract and ordered work upon the monument to be stopped, which was done, and claiming damages for the breach of the contract.  *Held:*

The cause of action stated in the petition in the common pleas court varied so from the cause action stated in the bill of particulars

filed with the justice, that the common pleas court was justified in striking said petition from the files.

*John W. Craine,* for plaintiff in error.
*David Fording,* contra.

MARVIN, J.; TAGGART, J., and DONAHUE, J., concur.

The parties here are as they were in the court below. The plaintiff brought a suit against the defendant before a justice of the peace, setting out in his bill of particulars that the plaintiff had sold and delivered to the defendant, at her request, a certain monument, at the agreed price of $220. Before the justice of peace the plaintiff recovered. The case was then appealed by the defendant to the court of common pleas, and the plaintiff filed a petition, setting out that the defendant entered into a contract with the plaintiff, wherein the plaintiff undertook to erect at the grave of the deceased, a monument for $220. That before the monument was completed the defendant repudiated the contract and ordered work to be stopped upon the monument, which was done; that the plaintiff had expended in labor and material upon the monument the sum of $210; that such labor and materials were of no value, except the monument should be accepted, and it prayed judgment for the sum of $210. On motion of the defendant the petition was stricken from the files. The plaintiff then moved for leave to file this same petition, which was refused, and then, the court ordered (the plaintiff not offering to file any other petition) that the cause be dismissed at the costs of the plaintiff. The ground upon which the court acted was, that the petition set out a different cause of action from that set out in the bill of particulars before the justice of the peace. There was no error in this action of the court. This is supported by numerous decisions.

Attention is called to the case of *Nicholas* v. *Poulson,* 6th Ohio Reports, 306. In this case attention is called to the fact that when an appeal is taken from a justice of the peace "the justice shall transmit the bill of particulars," etc.; this provision is still contained in the statute, and the court in discussing it, uses this language on page 308:

"Inquiry may well be made for what purpose is this bill of particulars required to be certified to the common pleas unless the plaintiff is to be confined to it on the trial? The law does not intend to compel the performance of a vain, idle or foolish thing, and this would certainly be such if the plaintiff was not confined to it by the trial in the court of common pleas. The object of this statute was undoubtedly to confine the plaintiff to the same cause of action on the appeal that he litigated below and there is reason in this construction. It puts it out of the power of the plaintiff to commence his suit for one cause of action before the justice, and to entrap a defendant by proving another, as he might, in the common pleas, under a declaration containing the common counts in assumpsit, or in almost any other form of action."

In the case of *McCoy* v. *Thompson,* found on page 649 of Wright's Reports, the court says, after calling attention to the fact that the statute requires that the transcript be certified up with the appeal, where an appeal is taken from the decision of a justice of the peace:

"Why require the justice to send up the bill with the other papers when the case is appealed, if not intended to be used when sent up? What other use could be made of it, than to confine the evidence to it at the trial?"

In the case of *Van Dyke* v. *Rule,* 49 Ohio St., 530, the second paragraph of the syllabus reads:

"Where an action begun before a justice of the peace is appealed to the court of common pleas, the latter court has no power to substitute, by amendment, another cause of action not within the jurisdiction of the justice of the peace, though it is within the original jurisdiction of the court of common pleas, unless the defendant consents to the substitution, or waives his right to object to the action of the court."

This language, taken by itself, might apply to the amendment which stated a cause of action other than that set out in the bill of particulars, where by such change the cause is made one in which the justice of the peace did not have jurisdiction. But in the opinion, at page 535, it is said, "And it is equally certain that the appeal confers on the appellate court jurisdiction only of the cause of action appealed," showing that the reason why

a change may not be made is that it is only the case which was tried before the justice which can be tried on the appeal.

In the case now under consideration the cause of action stated in the petition was wholly different from that set out in the bill of particulars. Before the justice the action was upon a contract which the plaintiff said existed between the parties, and which, on its part, had been completed. That set out in the petition filed in the court of common pleas was a denial of the claim made in the bill of particulars that the contract had been completed.

Before the justice of the peace the plaintiff, in order to recover, must have shown that he performed all that by the terms of the contract was required to be performed; whereas, if his cause had been tried upon the petition, it would have been required to show that it never did complete the contract; that the defendant wrongfully prevented it from completing the contract. The suit before the justice was for liquidated damages, an amount fixed by contract between the parties. The petition claimed judgment for unliquidated damages, growing out of the repudiation of the contract by the defendant. The evidence necessary to establish the action before the justice would have defeated the action brought in the court of common pleas. The evidence necessary to sustain the petition would have defeated the action brought before the justice. The departure was a substantial one, and the court below was right in refusing to allow such petition to be filed and was right in dismissing the action at the costs of the plaintiff, and the judgment is affirmed.